UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Curtis Glenn Moorer, | ) | Civil Action No.: 6:18-cv-03564-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Perry Luthi and | ) | |
| New Carolina Mortgage, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald, who recommends summarily dismissing this action without prejudice for lack of subject matter jurisdiction.[1] *See* ECF No. 10.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff has not filed objections to the R & R, and the time for doing so has expired.[2] In the

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe the pleadings of pro se litigants such as Plaintiff. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

[2] Plaintiff's objections were due by February 4, 2019. *See* ECF Nos. 10 & 12. Plaintiff did file a letter within the time for filing objections, *see* ECF No. 16, but this letter does not contain any "specific written objections" to the R & R. *See* Fed. R. Civ. P. 72(b)(2). Instead, Plaintiff appears to be confused about a docket entry regarding

absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error and therefore adopts the Magistrate Judge's R & R [ECF No. 10]. Accordingly, the Court **DISMISSES** this action *without prejudice* and without issuance and service of process.[3]

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
February 5, 2019  R. Bryan Harwell
  United States District Judge

---

the transfer of case management from the Greenville Division civil case manager to the Florence Division civil case manager. *See* ECF No. 11. This transfer of case management was purely clerical/ministerial in nature and has nothing to do with the Court's review of the R & R or Plaintiff's complaint.

[3]   The Magistrate Judge also recommended declining to give Plaintiff leave to amend, and the Court agrees Plaintiff cannot cure the jurisdictional defects by mere amendment. Accordingly, the Court is dismissing this action for lack of subject matter jurisdiction, which requires dismissal *without* prejudice. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." (alteration in original) (citation omitted)); *see generally Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015).